**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| **JEREMY SMITH,** | ) | |
| | ) | **2:17-cv-00152** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JEREMY SMITH, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against TRANS UNION, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2.       Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.      JEREMY SMITH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kenosha, County of Kenosha, State of Wisconsin.

1

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.      TRANS UNION, LLC, (hereinafter, "Defendant"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Wisconsin, is a citizen of the state of Wisconsin.

7.      At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8.      At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## IV.  ALLEGATIONS

9.      At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

10.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

11.     The inaccurate information of which Plaintiff complains are a number of accounts, or trade-lines that were not Plaintiff's accounts but were accounts associated with an individual named, upon information and belief, Jeremy Freeberg.

12.     The inaccurate information included the accounts: Badger Globe, CMI, multiple accounts with Commonwealth Finance, Financial Control Services, Nationwide Credit Corporation, OAC, ACS/Department of Education, Bank of America, Best Buy/CBNA, multiple accounts with Chase, multiple accounts with Department of Education/Navient, Kia Motors Finance, Sallie Mae and Synchrony Financial/CarCareOne.

2

13. Plaintiff is not now, now has he ever been, known as Jeremy Freeberg.

14. Upon information and belief, Defendant mis-merged credit information pertaining to Jeremy Freeberg with credit information of Plaintiff.

15. The result of the mis-merged credit file was the aforesaid series of accounts and other personal information, such as name and address, that had nothing to do with Plaintiff falsely appeared on Plaintiff's credit report and on Plaintiff's credit file held by Trans Union.

16. Despite the foregoing, Defendant disseminated credit reports and/or information that the accounts were Plaintiff's accounts.

17. The inaccurate information negatively reflected upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

18. The credit reports were disseminated to various persons and credit grantors, both known and unknown.

19. On December 6, 2016 and again on December 7, 2016, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information. Plaintiff disputed.

20. Despite Plaintiff's efforts to date, although Defendant has deleted certain mis-merged accounts, inquiries pertaining to Jeremy Freeberg and personal information pertaining to Jeremy Freeberg remains on Plaintiff's credit report and in his credit file.

21. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of attempts to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

3

c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

e. Decreased credit score which may result in inability to obtain credit on future attempts.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

23. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

24. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.     JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEREMY SMITH, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.    All actual compensatory damages suffered;

   b.    Statutory damages of $1,000.00;

   c.    Punitive damages;

   d.    Plaintiff's attorneys' fees and costs; and,

   e.    Any other relief deemed appropriate by this Honorable Court.


                                        Respectfully submitted,
                                        **JEREMY SMITH**


                              By:    s/ David M. Marco
                                        Attorney for Plaintiff


Dated: February 1, 2017

David M. Marco
IL Bar No. 6273315
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com